KATE LIEBERUM *vs.* JENNIE NUSSENBAUM.

Third Judicial District, Bridgeport, October Term, 1919.
WHEELER, BEACH, GAGER, CASE and MALTBIE, Js.

The plaintiff, who was seventy-six years old, inexperienced in business matters, and whose mind was somewhat impaired by age, employed a real-estate agent, at his solicitation, to procure a purchaser for her property for $67,264, which was then subject to incumbrances for about $9,000. The agent sought the defendant, who offered to buy the property at the price stated, less the amount of the outstanding incumbrances, paying $1,000 in cash and giving a mortgage back to the plaintiff for $57,000, payable in annual instalments of $1,000, with a proviso that in case the buyer should desire to increase the amount of the loan for the purpose of securing funds to remodel the premises, the plaintiff would release this mortgage and accept a second mortgage for the amount of the purchase price then due. The defendant and the agent knew that these were not proper terms for the plaintiff to accept, and that she did not understand their legal consequences, but through their joint efforts she was prevailed upon to enter into the transaction thus outlined. In a suit brought two days thereafter to have the deeds can-

.Lieberum *v.* Nussenbaum.

celled and the parties restored to their original position, it was *held:*—

1. That the agreement respecting the release of the purchase-money mortgage and the acceptance of a second mortgage in its place, was improvident on its face; and therefore no allegation to that effect was necessary in the complaint, which detailed the facts, nor any averment that the defendant knew that the transaction was improvident.

2. That while the mere mistake of the plaintiff, due to her failure to comprehend the legal consequences of the transaction, was not of itself a ground for cancellation, relief might be granted if the mistake was induced by the conduct of the other party, or if the latter, aware of the mistake, sought, as in the present case, to take an unconscionable advantage of it.

3. That the want of any express averment in the complaint that the defendant knew the plaintiff did not comprehend the legal consequences of her act, could not now be urged by the defendant as error, since no objection was taken to the complaint either by demurrer or *motion in arrest,* none to the evidence upon which the finding of that fact by the court was based, and no mention of it was made in the assignments of error.

Argued November 6th, 1919—decided January 8th, 1920.

SUIT to set aside a conveyance of real estate upon the alleged ground that it was procured by misrepresentation, concealment and imposition practiced upon the plaintiff, an aged and inexperienced person, who did not comprehend the nature and legal effect of her act, brought to and tried by the Superior Court in Fairfield County, *Curtis, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

Plaintiff employed a real-estate agent to procure a purchaser for the property in question at the agreed price of $67,264. The property was subject to a first mortgage for $2,000 and to a lien for an assessment of special benefits. The agent applied to the defendant, who offered to purchase the property for $67,264, on the terms of paying $1,000 in cash and giving back a mortgage for the balance of the purchase price, less outstanding liens, with the remarkable proviso that in

case the purchaser should desire to increase the amount of the first mortgage for the purpose of securing funds to remodel the premises, the plaintiff would release the purchase-money mortgage and take back a second mortgage containing the same provisions for the amount then remaining due. Both the defendant and the agent knew that these terms were improvident for the plaintiff to accept. The agent, in order to secure a commission, undertook to procure the plaintiff's consent.

Plaintiff was seventy-six years old and suffered from some mental impairment caused by age. She had no advice or counsel at any stage of the transaction. She did not comprehend the legal effect and consequences of the terms proposed by the defendant and embodied in the purchase-money mortgage, and the defendant knew that she did not comprehend them. Two days after the execution of the papers the plaintiff began this action.

Defendant appeals on the ground that the judgment is based on facts not alleged in the complaint, and that the allegations of the complaint do not support the judgment.

*Robert E. DeForest*, with whom was *Maurice E. Resnick*, for the appellant (defendant).

*Frank M. Canfield*, for the appellee (plaintiff).

BEACH, J. The agreement that if the defendant desired to increase the first mortgage, plaintiff would release her purchase-money mortgage for that purpose and take back a second mortgage in its place, is improvident on its face. In the absence of any definite agreement by the defendant to apply the proceeds toward enhancing the security, it would enable the

defendant, on the pretext of desiring to remodel the premises, to deprive the plaintiff of her security to the extent that the defendant might be able to induce any third person to loan money on the property. Plaintiff did not comprehend the legal consequences of the transaction at the time, and brought this action two days after the execution of the papers and before any intervening rights or equities could possibly arise. All of the assignments of error based on the ground that the court erred in holding the transaction improvident are overruled.

Broadly speaking, the remaining question is whether on this record the plaintiff is entitled to a judgment setting aside the deed and for a reconveyance. It is objected that there is no allegation that the transaction was improvident, but none is necessary when, as in this case, the improvidence is apparent on the face of the paper. For the same reason it was not necessary to allege that the defendant knew that the transaction was improvident.

The defendant points out that there is no allegation of mutual mistake, but none is necessary in a suit for cancellation. "The mistake of one only of the parties inducing him to sign a contract which, but for the mistake, he would not have entered into, may be a ground in some cases for cancelling the contract, but it cannot be a ground for a reformation of it." *Snelling* v. *Merritt,* 85 Conn. 83, 101, 81 Atl. 1039.

The mistake of one only of the parties due to a failure to comprehend the legal consequences of the transaction, is not of itself a ground for cancellation. Relief is granted in such cases only when the mistake is induced by the conduct of the other party, or when he seeks unconscionably to take advantage of it. 16 Cyc. 69; *Taylor* v. *Atwood,* 47 Conn. 498. In this case that necessary element is supplied by the finding that the

defendant knew that the transaction was improvident, and knew at the time when the papers were executed that the plaintiff did not comprehend the legal consequences of her act.

The only defect apparent on the face of the record is the want of any express allegation in the complaint that defendant knew that the plaintiff did not comprehend the legal consequences of her act. On the other hand, the complaint was not demurred to; the court has found the fact; there is no claim that this finding was made without evidence; no record of any objection to the evidence on which it was based; no motion in arrest of judgment; and no assignment of error based on the failure to allege that defendant knew the plaintiff failed to comprehend the legal consequences of her act. On this state of the record the question is not open on appeal.

We do not treat the averment and finding that the plaintiff's agent betrayed his principal in order to secure a commission, as any part of the plaintiff's case against the defendant, and for that reason it is unnecessary to refer to the remaining assignments of error.

There is no error.

In this opinion the other judges concurred, except MALTBIE, J., who dissented.