STANLEY DUNN, ADMINISTRATOR, *vs.* JOSEPH POIROT.

Third Judicial District, New Haven, June Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Where the only issue is whether transfers of real and personal property, made by the plaintiff's intestate, were obtained by the undue influence of the defendant or not, the presence of all the external features of a gift *inter vivos* is not controverted, and there is therefore no occasion to charge the jury concerning any outward act necessary to make a gift effective.

Upon the issue of undue influence, the court instructed the jury, in substance, that the plaintiff must prove by a fair preponderance of evidence that the transfers by the decedent were not her free acts but were brought about by "undue influence," which was later on in the charge accurately and adequately defined; that if she had mental capacity to make a valid transfer, the jury must consider whether she acted of her own free will, "for if by reason of persuasion, by reason of influence improperly brought to bear upon her, she did something other than what her own independent judgment would lead her to do, the signing of the papers was not her own origination, was not her own adoption, was not her responsible act; and in that event the verdict should be for the plaintiff." *Held* that reasonably construed, this merely meant that the plaintiff should recover if his intestate made the transfers of her property under undue influence; and that the defendant had no reason to complain of this part of the charge.

Obviously a presumption that has been overcome by evidence to the contrary is of no aid to a litigant.

A statement that the jury would "probably consider the various bits of evidence tending to show the attitude of" the intestate "toward her children," her intentions, and her comprehension of her property and of the claims of her children, cannot fairly be taken as a suggestion to the jury that they were at liberty to regard or disregard the evidence referred to at their will. Reasonably construed, the statement was not unfavorable to the defendant.

A sentence in a charge cannot be detached from its context and interpreted as though it stood alone; it must be construed with the statements accompanying it and of which it formed a part.

Opportunities for coercion and undue influence are readily open to a son who lives at home with his mother, and inferences that such opportunities have been taken advantage of may be drawn by the jury; but they should also be instructed that the burden rests upon

Dunn *v.* Poirot.

the plaintiff of proving that the son abused the confidence of his mother.

Old age is one of the circumstances to·be considered in determining whether undue influence has been exerted or not in a given case, since age may, and sometimes does, affect mental conditions.

The transfer of the decedent's property, real and personal, admittedly constituted but one transaction, and all the evidence, pro and con, on the subject of undue influence applied equally to either kind of property. *Held* that there was no reason for giving the jury more than two forms of verdict, one for the plaintiff and one for the defendant, as it might be assumed—as the jury were told—that if they found undue influence in reference to the realty, they would find it also in regard to the personalty.

The jury were instructed that if the issues were found for the plaintiff, the verdict must be for possession of the real estate and damages equal to its rental value with interest, also damages equal to the value of the personal property with interest. *Held* that there was nothing prejudicial to the defendant in these instructions.

A case properly on the jury docket can be tried to the court only by agreement of the parties, or, in part, by an order in the discretion of the court; and hence the refusal to order a trial to the court is not error.

It is preferable for a trial judge to charge in his own language and order, rather than to follow specifically the phraseology of a multitude of requests; and to touch only upon those questions of law and fact which are presented by the issues.

Argued June 8th—decided August 4th, 1922.

ACTION to recover the possession of real estate alleged to have been obtained from the plaintiff's intestate by the defendant's undue influence and coercion, and also to recover the rents and profits of said land and the value of certain personal property, brought to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiff for possession of the land and $3,417 damages, and appeal by the defendant. *No error.*

The first count of the complaint is in the usual form of an action in ejectment. The second count sets up that the defendant has wrongfully entered on, and retains possession of, the real estate described, under a false and unjust claim of title based solely on a deed

executed and delivered by the plaintiff's intestate while she was under undue influence exerted upon her by the defendant and his brother. The third count contains the same allegations respecting described personal property delivered to the defendant by the plaintiff's intestate. The plaintiff claims possession of the real estate and damages. The defendant joined issue on all counts. Before the trial the court denied the defendant's motion that the issues be tried by the court. All the issues were tried by the jury and found for the plaintiff.

*Carl A. Mears* and *Henry W. Stowell,* for the appellant (defendant).

*Arthur B. O'Keefe* and *John Cunliffe, Jr.,* for the appellee (plaintiff).

BURPEE, J. It was not disputed that the plaintiff's intestate delivered possession of all her real and personal property to the defendant with the intention that with the possession the title should immediately pass. As to personal property all the external features of a gift *inter vivos* appeared in the admitted transaction. *Organized Charities Asso.* v. *Mansfield,* 82 Conn. 504, 74 Atl. 781. There was therefore no occasion to charge the jury concerning any act that might be necessary to make a gift effective. The first, second, twenty-fourth, twenty-fifth, twenty-sixth and twenty-seventh assignments of error have no foundation.

The decisive issue in the case was whether the intention of the plaintiff's intestate was formed and controlled by undue influence exerted by the defendant and his brother. Upon this issue the court charged the jury, in substance, that the plaintiff must prove by a fair preponderance of evidence that the transfers of her

property were not the free acts of the plaintiff's intestate but were brought about by undue influence; that if she had mental capacity to make a valid transfer, the jury must consider whether she acted of her own free will, and used this language, of which the defendant complains: "For if by reason of persuasion, by reason of influence improperly brought to bear upon her, she did something other than what her own independent judgment would lead her to do, the signing of the papers was not her own origination, was not her own adoption, was not her responsible act; and in that event the verdict should be for the plaintiff." This language, reasonably construed, means that the plaintiff should recover if his intestate made the transfer of her property under undue influence. Subsequently the court stated fully and accurately the legal definition of the phrase "undue influence." The defendant has no good reason to complain of this part of the charge.

The court instructed the jury that "there is a presumpton in favor of the claimed gift in this case," and added that it would be of little aid to the defendant if it had been overcome by evidence sufficient to establish the plaintiff's case. The defendant was not harmed by this statement of a self-evident fact.

The court said to the jury that they would "probably consider the various bits of evidence tending to show the attitude of mind of" the intestate "toward her children," and her intentions, and her comprehension of her property and of the claims of her children. This suggestion did not, in effect, inform the jury that they were at liberty to regard or disregard the evidence referred to. Fairly considered by a reasonable mind, the statement was not unfavorable to the defendant.

In his ninth and tenth reasons of appeal, the defendant has extracted a sentence of the charge from its context, and claims that if certain words which the

court used be construed as equivalent to other words, the jury would have made an inference hurtful to the defendant. We must interpret the sentence as it appears to have been spoken and in connection with the statements of which it was a part. Thus taken, it completes a correct and fair instruction on the question of undue influence.

To further instruct the jury on this matter, the court read a part of the charge reported in *Dale's Appeal,* 57 Conn. 127, 144, 17 Atl. 757, which has been approved by this court. It is manifest that the language thus repeated is applicable to the facts appearing in this case, in which the defendant son and his mother "dwelt together as one family," and "of course all opportunities were open to him" to exert undue influence upon her. The court did not omit that part of this charge in which it was declared that as matter of law the burden was on the plaintiff to prove that the son abused the confidence of his mother, although the proof might be by inferences from opportunities for coercion.

There is no merit in the twelfth and thirteenth assignments of error. The court did not inform the jury that in determining undue influence a different rule was to be applied to persons of different ages. It did properly remind them that old age might be considered as a part of the evidence tending in some instances to show that the mind might be more easily influenced than it would have been in an earlier time of life. Age sometimes affects mental conditions.

In its brief recital of the evidence produced during the trial, the court stated some admitted facts and expressly told the jury that there was evidence that some things happened; and that the question whether the influence exerted upon their mother by the defendant and his brother was undue, was for the jury to decide, having in mind her age, mental and physical condition,

and all her circumstances. The criticism of this instruction made in the fourteenth and fifteenth assignments of error is not justified.

The court supplied the jury with only two forms for their verdict, one for the plaintiff and one for the defendant; and said that it was assumed that if they found undue influence in reference to the real estate, they would find it also in regard to the personal property. The record shows that the transfer to the defendant of all the intestate's property, real and personal, was one transaction. It was claimed to be the purpose of the defendant to secure all this property to himself, and that his influence upon his mother was exerted in the same ways and at the same times to effect this entire purpose. In the evidence which the defendant himself offered, it appears that a conveyance of all her property was the only conveyance in question, and that the instruments of transfer were made and delivered at one time and place, in one transaction; and he offered no evidence applicable to the conveyance of one kind of property which is not equally applicable to the transfer of the other kind. The court sufficiently instructed the jury that if they found the issues for the plaintiff, their verdict must include the recovery of the possession of the real estate, damages equal to its rental value, with interest, and damages to the value of the personal property, with interest. In these proceedings there was nothing prejudicial to the defendant.

The court charged the jury correctly, in the language of *Dale's Appeal*, concerning the inferences which may be drawn from the opportunities to exercise undue influence. Its charge concerning the burden of proof was adequate, and concerning the application of evidence relating to mental weakness.

This case having been entered upon the jury docket, it could be tried by the court only by agreement of the

parties, or, in part, by the discretion of the court. General Statutes, §§ 5752, 5753, 5754. There was no error in denying the defendant's motion that it be tried by the court.

The other assignments of error are not supported by reasons or by authority in the defendant's argument or brief. They require no attention.

The record discloses that the defendant presented to the court fifty-four written requests to charge the jury. He complains because in some instances the court did not charge as specifically as requested. It is the duty of the court to instruct the jury only upon those questions of law and fact which are presented by the issues they are to decide and the evidence they are to consider, and in doing so it is preferable for the court to charge in its own language and order, rather than to follow strictly the forms of requests. *Roth* v. *Chatlos*, 97 Conn. 282, 116 Atl. 332.

There is no error.

In this opinion the other judges concurred.