THE NUTMEG STATE MACHINERY CORPORATION *v.*
JOHN F. SHUFORD.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 7—decided February 26, 1943.

*Morris B. Straka,* for the appellant (plaintiff).

*Clarence A. Hadden,* with whom, on the brief, were *Daniel Pouzzner* and *William L. Hadden,* for the appellee (defendant).

ELLS, J.  The finding, with minor changes to which the plaintiff is entitled, is as follows: The defendant Shuford sold machinery of the value of $1250 to the State Machinery Company and at the same time orally agreed to sell to it a Whipp crank shaper machine for $325, delivery to be made after the completion of certain work which the defendant was doing on it.  Two days later the defendant directed an employee to call the State Machinery Company on the telephone and tell it to take the machine.  There are two concerns of similar name in New Haven, the State Machinery Company and the Nutmeg State Machinery Corporation, and they are often confused by persons with whom they do business.  By mistake the employee called the Nutmeg State Machinery Corporation.  Nathan Lee, treasurer of the Nutmeg State Machinery Corporation, received the telephone call informing him that the defendant had at his place of business a Whipp sixteen-inch crank shaper machine and instructing him to call and inspect it.  Lee came immediately, examined the machine, and said that he would not give $325 for it but would give no more than $250.  The defendant replied, "You bought two or three thousand dollars worth of equipment, and as long as you bought that amount, I won't fight.  You can have that for $250."  The defendant thereupon instructed Lee to leave a check at the former's office and Lee did so, agreeing to send a truck later in the day to get the machine.  He left.  A few minutes later DeSante of the State Machinery Company called to

take delivery of the machine and the defendant then discovered that Lee did not represent the State Machinery Company but was acting for the Nutmeg State Machinery Corporation. The defendant called Lee and informed him of the mistake, that he was returning the check and that the plaintiff could not have the machine. The defendant returned the check immediately and delivered the machine to the State Machinery Company. The Nutmeg State Machinery Corporation brought this action and the defendant defended on the ground that no valid contract had been entered into because of a mistake in identity. Judgment was rendered for the defendant.

There is authority for the proposition that if A makes an agreement with B, thinking that B is C, the contract is voidable at A's option. There are undoubtedly many statements to that effect in cases and in accepted textbooks. 1 Page, Contracts, § 260; 1 Elliott, Contracts, § 102; Anson, Contracts (Patterson Ed.), § 214. It is to be noted, however, that Page prefaces his many citations to support his text with the statement that in most of the cases there is present an element of fraud in which, we have no doubt, he means to include cases where B has reason to know A is acting under a mistake. On the bald proposition, Williston, 5 Contracts (Rev. Ed.), §§ 1558, 1573, takes an opposite view, as does the Restatement, 2 Contracts, § 503, and particularly illustration 2 on page 967. We agree with the law as stated in these latter authorities. The making of a contract does not depend upon the secret intention of a party but upon the intention manifested by his words or acts, and on these the other party has a right to proceed. Comment, 30 Yale L. J. 507. Where A makes his agreement with B, his mistake is as to a collateral matter and should be governed by the usual rules as to mis-

take. Moreover, if A makes a contract with B, believing B to be someone else than he is, but B, not knowing that and otherwise acting in good faith, enters into the agreement, there is just as much justice in permitting B to have the benefit of it as there is in holding that A should be protected where B, in making the agreement, knows that A thinks he is someone else. While we do not find any case in our own reports where the situation is presented of a mistake being claimed as a defense, the law stated in Williston accords with the law we have applied to mistake as ground of equitable relief. *Lieberum* v. *Nussenbaum*, 94 Conn. 276, 279, 108 Atl. 662; *Geremia* v. *Boyarsky*, 107 Conn. 387, 390, 140 Atl. 749; *Spirt* v. *Albert*, 109 Conn. 292, 300, 146 Atl. 717.

There is a solvent to some of the disagreement, even where B acted in perfectly good faith, which, apparently, none of the text writers point out in this connection. An offer can be accepted only by the person to whom it is addressed. 1 Williston, op. cit., § 80; Restatement, 1 Contracts, § 54, the second illustration being taken from *Boulton* v. *Jones*, 2 H. & N. 564, 157 Eng. Rep. R. 232. The two leading cases usually cited to support the proposition referred to above, *Boulton* v. *Jones* and *Boston Ice Co.* v. *Potter*, 123 Mass. 28, are cited by Williston in support of § 80. The distinction between the two types of cases, (1) A's mistake as to the identity of B, and (2) B's acceptance of an offer intended for C, is pointed out in *Stoddard* v. *Ham*, 129 Mass. 383.

Looking more closely at the case before us, we find that it does not fall within the former class. The defendant had already sold the machine to the State Machinery Company for an agreed price, $325. Lee's proposition, from Shuford's standpoint, was a proposal to alter the terms of an existing agreement. In accept-

ing the proposal, Shuford intended to deal with a representative of the State Machinery Company. If, up to that moment, there had been merely preliminary negotiations and Shuford had then offered the machine to Lee, thinking he was the representative of the State Machinery Company, and Lee had accepted, we would clearly have a case of acceptance of an offer by a party to whom it was not addressed. The reverse of the proposition does not alter the legal principle involved. Moreover, Shuford's intent was not to enter into a new contract for the sale of the machine but to accept a proposal to alter the price agreed upon for it in a contract already in existence. There was no such meeting of the minds as would give rise to a contract between Shuford and the plaintiff.

There is no error.

In this opinion the other judges concurred.