THOMAS REYNOLDS ET AL. *v.* DONNA LEE MOLITOR ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued May 13—decision released June 30, 1981

*John E. Fay, Jr.,* for the appellant (named defendant).

*Patrick J. Wall,* for the appellant (defendant Viola M. Molitor).

*Jerome J. Sanchy,* for the appellees (plaintiffs).

BOGDANSKI, C. J. On May 5, 1975, Anna Reynolds executed a quitclaim deed to her granddaughter,

Donna Lee Molitor, conveying to her a summer cottage located in East Lyme, Connecticut. Anna Reynolds died in 1976. By her will, her residual property passed equally to her four surviving children.

The plaintiffs, sons of Anna Reynolds, brought this action against their sister, Viola Reynolds Molitor, and her daughter, Donna Lee Molitor, seeking either: (1) an order compelling the defendant, Donna Lee Molitor, to convey the property to her mother and uncles; or (2) a judgment declaring the deed void, whereby the property would revert to the estate of Anna Reynolds. From a judgment for the plaintiffs declaring the deed void as a product of undue influence and ordering that the property revert to the estate of Anna Reynolds, the defendants have appealed.

The trial court found the following facts: Anna Reynolds was seventy-five years old and in failing health when she executed the deed. She had difficulty hearing, seeing, and moving about without assistance. Her daughter, Viola, managed all of her business and personal affairs. Viola contacted an attorney to arrange for the transfer of the cottage for her own benefit but in a manner to protect it from her creditors. Although the attorney who drafted the deed advised Viola that the property should be held in trust pending the resolution of Viola's creditor problem, Anna never executed such a trust agreement. The attorney drew the deed to Donna at the instruction of Viola.

The defendants' first claim is that the court erred in failing to grant their motion for nonsuit at the conclusion of the plaintiffs' case. It should be noted that the motion for nonsuit for failure to set forth a

prima facie case has been supplanted by the motion for judgment of dismissal. Practice Book § 302 (formerly Practice Book, 1963, § 278, nonsuit for failure to make out a prima facie case) ; see *Lukas* v. *New Haven,* 184 Conn. 205, 210 n.3, 439 A.2d 949 (1981). The denial of a motion for nonsuit is neither a proper ground of appeal, nor is it assignable as error. *Adamsen* v. *Adamsen,* 151 Conn. 172, 177, 195 A.2d 418 (1963).

The defendants' second claim is that the court erred in finding that Anna Reynolds failed to possess the capacity to convey realty and to execute the deed. The court, however, did not make any finding as to the grantor's capacity. Rather, the court considered the grantor's physical condition in its evaluation of her susceptibility to undue influence. Accordingly, this claim cannot be reviewed.

Lastly, the defendants claim that the court erred in finding that the deed was the product of undue influence exerted upon Anna by her daughter, Viola.

In order to execute a valid deed of real property, a grantor must intend to execute the deed. Absent such intent, the conveyance is ineffective. A grantor who has been unduly influenced does not have the requisite intent. *Fritz* v. *Mazurek,* 156 Conn. 555, 559, 244 A.2d 368 (1968). " 'Undue influence' is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. It is always a good ground for setting aside a conveyance procured thereby, when exercised to such an extent as to control the will of the grantor." 6 Thompson, Real Property (1962 Repl.) § 2971.

Because direct evidence of intent is difficult to obtain, undue influence may be proved circumstantially. *Salvatore* v. *Hayden,* 144 Conn. 437, 440, 133 A.2d 622 (1957). Relevant circumstances include the grantor's health and its effect upon his mental and physical functions, his dependence upon the person alleged to have influenced him, and the opportunity to exert influence available to that person. *Collins* v. *Erdmann,* 122 Conn. 626, 632, 191 A. 521 (1937). A deed procured by undue influence is voidable regardless of whether the undue influence was exerted by the grantee or someone else. Id., 633; *Fritz* v. *Mazurek,* supra, 560.

On the basis of the facts found, the court concluded that Viola Molitor unduly influenced her mother to execute the quitclaim deed to Viola's daughter, Donna Lee Molitor. "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980); see Practice Book § 3060D. The trial court was presented with conflicting evidence regarding the condition of the grantor, her dependence on her daughter Viola, and the role Viola played in arranging the conveyance. This court cannot retry the facts or pass upon the credibility of the witnesses. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). The grantor's physical state of near total deafness, legal blindness and partial paralysis rendered her dependent upon her daughter, Viola Molitor, to conduct business with the outside world. On the evidence before it, we conclude that the trial

court did not err in finding that Viola Molitor unduly influenced her mother to execute the quit-claim deed to her daughter.

There is no error.

In this opinion the other judges concurred.