[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff Victoria P. Raines requests the court to issue a prejudgment remedy of attachment to secure her claims against Hector Vasquez and Rafael Patron. Hector Vasquez obtained a quit-claim deed to a house from Mrs. Raines and thereafter conveyed the house to his uncle, Rafael Patron. Mr. Vasquez did not pay any money for the house. The quit-claim deed recites that it was made "for the consideration of $1.00 and other valuable considerations. . . ." Mr. Patron did not pay any money for the house. At the time the plaintiff signed the quit-claim deed in 1989, she was of advanced age and frail physical condition. She had recently undergone two medical operations. The plaintiff had come to rely on Hector Vasquez as the caretaker of her two houses. Mr. Vasquez lived in one of the houses. The uncle now claims he holds the house which was the subject of the quit-claim deed "in trust" for the nephew. The plaintiff has lived by a strong work ethic and has always had a strong desire to preserve and keep the property she and her deceased husband accumulated. The evidence shows that in 1989 the Plaintiff's mind could be more easily influenced that it would have been in an earlier time of her life. The evidence also shows that the plaintiff did not understand the consequences of her signing the deed. The pertinent law is set forth in the following cases: Bascetta v. Bascetta,1 Conn. App. 256, 470 A.2d 1232 (1984); Reynolds v. Molitar,184 Conn. 526, 440 A.2d 192 (1981); Collins v. Erdmann, 122 Conn. 626,191 A. 521 (1937) Dunn v. Poirot, 97 Conn. 713, 118 A. 33 (1922). Lieberum v. Nussenbaum, 94 Conn. 276, 108 A. 662 (1920): Reynolds v. Owen, 34 Conn. Sup. 107, 380 A.2d 543 (1977).
The court finds probable cause to issue a real estate attachment in the amount of $150,000.00.
THIM, JUDGE