[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ summons and complaint, in five counts, Alice J. Dunham commenced this action against the defendants, Allen Dunham and Sharon Elaine Dunham.
On September 7, 1993, the court, Higgins, J., granted the plaintiffs motion to substitute Joseph P. Bransfield, Jr. as plaintiff in this matter since he was appointed conservator of the estate of Alice J. Dunham the original plaintiff. The court also allowed the filing of the plaintiffs' amended complaint dated August 12, 1993.
On November 5, 1993, the plaintiff filed a Second Amended Complaint in three counts; the first alleges undue influence, the second alleges mistake of facts, and, the third alleges incompetent grantor. Whereupon and thereto the defendants filed an answer, dated December 8, 1993, at which time the issues were drawn.
On December 6, 1994, the court granted the plaintiff s, Elizabeth Byrne, motion to be substituted as party plaintiff as she was appointed conservator of the estate of Alice J. Dunham.
All parties present or represented by counsel, the case was fully tried to the court on July 6, 1995, at the completion of which both sides were requested to file briefs by July 18, 1995.
Based upon the preponderance of the credible, relevant and CT Page 8112 legally admissible evidence the court finds, determines and rules as follows:
On March 12, 1993, the plaintiffs ward, Alice J. Dunham was 86 years old and the widowed mother of seven children.
The defendants, Allen Dunham and Sharon Elaine Dunham are son and daughter of the plaintiff's ward (Mrs. Dunham).
Prior to March 12, 1993, Mrs. Dunham owned title to what had been the family home at 1163 Portland Cobalt Road in Portland, Connecticut.
Of Mrs. Dunham's seven children, four of them have not been actively involved in her affairs and have manifest no interest in this case. One daughter, Martha, lived with her mother for nearly thirty years. In November of 1992, Martha and her mother had a falling out over a man Martha invited to live in Mrs. Dunham's house. Mrs Dunham requested assistance from her daughter, the defendant Sharon Dunham. Sharon brought Mrs. Dunham to an attorney who wrote a letter threatening to evict Martha and her friend. As a consequence, in January, Martha and her friend moved out of the house. Sharon then moved in with her mother so that she would not be alone and has resided there since that time. Allen Dunham, one of her sons, regularly visited with his mother at her home. Allen suggested to his mother that she convey the property to some of the children in order to protect the asset from being used to pay for any long term health care that she might require.
In March of 1993, Mrs. Dunham agreed to transfer the property. Allen scheduled an appointment for Mrs. Dunham to see his attorney, who prepared a quit claim deed transferring the property to Allen and Sharon. The attorney engaged in conversation with Mrs. Dunham during which she executed the deed and gave her acknowledgment. Subsequently, Martha Dunham, took her mother to a different attorney. This lawsuit resulted.
In order to execute a valid deed of real property, a grantor must intend to execute the deed. Absent such intent, the conveyance is ineffective. A grantor who has been unduly influenced does not have the requisite intent. Reynold v.Molitor, 184 Conn. 526, 528 (1981); Fritz v. Mazurek, 156 Conn. 555, 559."Undue influence is the exercise of sufficient control over the person, the validity of whose acts is brought into CT Page 8113 question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. It is always a good ground for setting aside a conveyance procured thereby, when exercised to such an extent as to control the will of the grantor." 7 Thompon, Real Property (1962 Repl.) Sec. 2971.
Because direct evidence of intent is difficult to obtain, undue influence may be proved circumstantially. Salvatore v.Hayden, 144 Conn. 437, 440 (1957). Relevant circumstances include the grantor's health and its effect upon his mental and physical functions, his dependence upon the person alleged to have influenced him, and the opportunity to exert influence available to that person. Collins v. Erdman, 122 Conn. 626, 632 (1937). Mere physical weakness or disease, eccentricities, blunted perceptions, weakening judgment, failed memory or mind are not necessarily inconsistent with mental capacity, Turner's Appeal,72 Conn. 312 (1899).
The court expressly finds, that, although Mrs. Dunham was in a state of deteriorating physical and mental health, she was independent minded, capable of making her own decisions, scheduling appointments, managing her own finances and seeing and heating clearly.
Mrs. Dunham's motivation for the transfer, i.e. to avoid the circumstance where the real estate would be utilized to finance any medical needs is evident. Her decision to exclude Martha, with whom she had a falling out and her failure to include her disinterested other children is reasonably and rationally to be expected.
The plaintiff's expert could not say that Mrs. Dunham lacked the requisite intent to convey the property.
Allen and Sharon were not in a fiduciary capacity with respect to Mrs. Dunham. The burden was on the plaintiffs' to prove Mrs. Dunham lack of capacity to martial the requisite intent to convey and also to prove that Sharon and Allen exerted undue influence. The plaintiff has failed to do so.
In summation, the court finds that Mrs. Dunham was competent and intentionally conveyed the property to Allen and Sharon to the exclusion of her other children. That Allen and Sharon did not exercise undue influence over Mrs. Dunham. CT Page 8114
The fact that Mrs. Dunham may have had second thoughts at a later date or that she was less competent at a later date does not lessen her capacity or intent at the time of the execution of the deed.
Counts two and three of the plaintiff's complaint allege that Mrs. Dunham did not understand her actions or the implication of her action. The plaintiff has failed in her proof of such claims.
The court finds the issue for the defendants on all three counts of the plaintiff's complaint.
Accordingly, judgment is entered for the defendants on all three counts of the plaintiffs' complaint, plus cost of suit.
Spallone State Trial Referee