[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Sally Carr Hannafin, daughter of the deceased Julia Carr, moves to strike the special defenses of the plaintiffs, Gregory Carr and Christopher Carr.
Julia Carr died on August 2, 1993, leaving a last will and testament dated July 8, 1993. The will provided that her three CT Page 6737 children, George E. Carr III, Sally Carr Hannafin (Hannafin), and Gregory Carr would receive one-quarter of her estate. The remaining one-quarter of the estate would be shared equally by Julia Carr's grandchildren, Christopher Carr II and Taylor Francis Carr. A codicil to the will, executed on July 16, 1993, named Hannafin co-executrix.
Gregory Carr and Christopher Carr (Carr) challenged the will and codicil in probate court on the ground that Hannafin, George Carr III and Lawrence Hannafin (Sally's Hannafin's husband) exerted undue influence on Julia Carr. The probate court denied the application to admit the will and codicil on February 12, 1996, stating that "the will and codicil were invalid due to undue influence exerted over the Testatrix by Mrs. Hannafin sand other family members."
Hannafin moved to appeal the probate court's decision on December 23, 1998. On February 16, 1999, Carr answered the motion and asserted seven special defenses, including breach of fiduciary duty, estoppel, public policy, unclean hands and fraud. Hannafin moved to strike Carr's seven special defenses on May 4, 1999.
"The legal sufficiency of a complaint or special defense thereto may be challenged by a motion to strike." First UnionNational Bank v. Shaver, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 063097 (September 3, 1998,Curran, J.); see Practice Book § 10-39(a)(5). When ruling on a motion to strike, the trial court has an "obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536. 606 A.2d 684 (1992).
Hannafin relies on General Statutes § 45a-294, which provides expenses to executors or administrators in will contests.[1]
Hannafin contends that the clear and unambiguous language of the statute mandates that she is entitled to just and reasonable expenses, even though the will and codicil were not admitted to probate. Carr maintains that Hannafin should not be able to recover any expenses because her undue influence on Julia Carr. "Undue influence is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. It is always a CT Page 6738 good ground for setting aside a conveyance procured thereby, when exercised to such an extent as to control the will of the grantor. (Internal quotation marks omitted.) Reynolds v. Molitor,184 Conn. 526, 528, 440 A.2d 192 (1981).
The court finds that § 45a-294 does not bar Carr's special defenses of breach of fiduciary duty, estoppel, public policy, unclean hands and fraud at this stage of the litigation. This court is a court of equity, and these five particular special defenses may have some bearing on whether the attorney's fees and expenses incurred were "just and reasonable" under § 45a-294. Therefore, Hannafin's motion to strike the first, second, third, sixth and seventh counts is denied.
The fourth special defense is that the probate court never appointed Hannafin executrix, and therefore, Hannafin has no standing or capacity to make a claim for attorney's fees and expenses. However, "an executor is a person appointed by a testator to carry out the directions and requests in his will, and to dispose of the property according to his testamentary provisions after his decease. As his interest in the estate of the deceased is derived from the will, it vests, according to the common law, from the moment of the testator's death." Tulin v.Johnson, 18 Conn. Sup. 395, 397, ___ A.2d ___ (1953). Hannafin is the named co-executrix in Julia Carr's July 16, 1993 codicil. The fourth special defense is stricken.
Carr's fifth special defense is that Hannafin cannot be awarded attorney's fees and expenses because she did not ask the probate court for its consent or advice concerning the attorney's fees and expenses. Carr does not provide any authority to support this special defense. Therefore, the fifth special defense is stricken.
In conclusion, Hannafin's motion to strike the first, second, third, sixth and seventh counts is denied. The motion to strike the fourth and fifth counts is granted.
So Ordered.
WALTER M. PICKETT, JR., J.T.R.