## Stephen L. Manyak *v.* Juanita M. Manyak

Superior Court      Windham County      File No. 13443

Memorandum filed July 1, 1970

*Lane & Rosen,* of Willimantic, for the plaintiff.

*William M. Krug,* of Willimantic, for the defendant.

Parskey, J. The plaintiff and the defendant were intermarried in 1955 and are the parents of three children. Their marital difficulties began in the early 1960's when the defendant began neglecting her conjugal duties and engaging in extramarital affairs. At that time the family was living in confined quarters in Willimantic. The defendant insisted that the family move to a larger home in a better area. She also demanded that the new home, when purchased, be jointly held, and promised that she would be a good wife and mother if this were done. The plaintiff was reluctant to purchase a new home, but in reliance on the defendant's promise to reform and in order to save the marriage he acceded to the defendant's demands. The home was purchased by the plaintiff on February 14, 1963, and shortly after the family moved in the defendant resumed her philandering ways. On April 12, 1966, the plaintiff

received a decree of divorce from the defendant on the ground of intolerable cruelty and was awarded custody of the children. The decree did not provide for the reversion of the defendant's estate in the Willimantic property to the plaintiff. By writ dated the same date, this action was instituted, claiming reversion of the defendant's estate pursuant to § 46-22 of the General Statutes. The defendant interposed a demurrer to the complaint on the ground that § 46-22 was repealed in 1961 and was replaced by § 46-22a, which provides for reversion only when the order for such reversion is made a part of the divorce decree. Upon demurrer sustained, the present substituted complaint was filed, claiming a constructive trust.

When A purchases property with his own funds and puts the title in the name of B, the transaction may be characterized in four different ways: (1) If A and B are unrelated, it is presumed that a resulting trust arises in favor of A; (2) if A and B are husband and wife, it is presumed that A intended to make a gift of the property to B; (3) if A and B are husband and wife and if the property is conveyed to B on the basis of love and affection and A subsequently receives a divorce from B, the court as part of the decree may return to A the property so conveyed; and (4) if B receives property from A and the conveyance is induced by fraud, equity will impose a constructive trust on the property for the benefit of A. *Van Auken* v. *Tyrrell,* 130 Conn. 289, 291. The narrow question in this case is whether if A could have demanded the return of the property as part of the divorce decree and he failed to do so, he is barred from bringing an action based on the theory of a constructive trust. The short answer to this question is No.

In the absence of a resulting or constructive trust a completed gift is irrevocable. If such gift is from

husband to wife, in the absence of statute the wife's subsequent misconduct would not render the gift revocable. Under § 46-22a of the General Statutes the common-law rule was changed in those cases where the wife's estate was created in consideration of marriage or as a result of love and affection and the couple were later divorced on the ground of the wife's misconduct. The existence of this statute and the rights created thereunder did not purport to affect the common-law equitable principles underlying constructive trusts. When § 46-22 was repealed and § 46-22a was substituted, the effect of the substitution was to prevent a spouse from seeking in a separate action other than the divorce a return of property conveyed in consideration of the marriage or of love and affection. This statute did not bar a separate action where the claim is that the conveyance was induced by fraud, and this is the gravamen of the plaintiff's substituted complaint.

The court is satisfied from the evidence that the transaction which resulted in the defendant's securing an interest in the Willimantic property was induced by the defendant's fraud. Because the consideration for such interest was love and affection and because of the defendant's subsequent misconduct, the plaintiff could have received a return of this interest as part of the divorce decree. His failure to do so does not bar him in this action so long as he proves the elements necessary to establish a constructive trust, and this he has done in the case at bar.

Accordingly, the court finds the issues for the plaintiff on the substituted complaint and imposes a trust on the defendant's interest in the property described in paragraph two of the substituted complaint. A decree may enter pursuant to § 52-22 of the General Statutes, passing the defendant's interest in the subject property to the plaintiff.