MARY K. PALMERI v. WILLIAM T. PALMERI

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 158552

Memorandum filed May 11, 1972

*Pomerantz & Seserman,* of Hartford, for the plaintiff.

*Edwin G. Hebb, Jr.,* of Hartford, for the defendant.

GRILLO, J. The movant, the defendant herein, in 1971 obtained a decree dissolving and terminating his marriage to the plaintiff, who has since remarried. The defendant was granted custody of the three minor children. He is unemployed and seeks via this motion an order of support from the plaintiff under the provisions of § 46-26 of the General Statutes.[1] The plaintiff contends that this court is

[1] "Sec. 46-26. SUPPORT OF CHILDREN. Upon the dissolution of any marriage by divorce, the parents of a minor child of such marriage, who is in need of maintenance, shall maintain such child according to their respective abilities, and, upon the complaint of either parent

without "power" to act upon this request since no order was issued by the referee awarding the defendant the decree, especially since this same issue was vigorously litigated, particularly with reference to the plaintiff's interest in real estate which will be considered hereafter, in proceedings before the referee. With this contention, the court cannot agree.

The remedy afforded by the statute is designed to assist children who are in need of maintenance and may be utilized even by the commissioner of finance and control, i.e., one obviously not a party to the divorce action. Furthermore, the statute specifically authorizes the remedy afforded by it "subsequent to the granting of a decree of divorce." That is not to say that the statute might not operate immediately upon the dissolution of any marriage without any waiting period. This question need not be determined herein, since the present motion has been made more than a year subsequent to the dissolution decree. Suffice it to say that the claim of the plaintiff lacks force since the potential obligation of the divorced parents to support the minor children was not terminated by the decree, even though a focal point of those proceedings before the referee related to the present issue. Cf. *Yates* v. *Yates,* 155 Conn. 544, 547.

The defendant has demonstrated a detrimental change in his financial status, which change has occurred since the dissolution of the marriage decree. However, the obligation imposed on one utilizing the statute requires more. It necessitates an inquiry

made to the superior court, or upon motion, with order and summons, made to the superior court in any such case by either parent or by the commissioner of finance and control subsequent to the granting of a decree of divorce, it shall inquire into their pecuniary ability and may make and enforce such decree against either or both of them for the maintenance of such child as it considers just, and may direct security to be given therefor."

into the "pecuniary ability" of the parent from whom maintenance is being sought for the child. It is crystal clear that the plaintiff has no assets other than a one-half interest as a tenant in common in certain premises in which the defendant and the children reside. She is an unemployed housewife. The proffered fulcrum of the claim advanced by the defendant is, however, that the statute permits the court to "direct security" and that, therefore, this authorizes the court to impose a constructive trust for the benefit of the children on the plaintiff's interest in the property, irrespective of her present financial status. The statute requires an inquiry to be made into the pecuniary ability of the parent and allows the court to enter a decree and "direct security to be given therefor." "Pecuniary" is defined as "taking the form of or consisting of money . . . : of or relating to money: monetary." Webster, Third New International Dictionary. This requires a basis for a finding as to the ability of the plaintiff to furnish support for the child. *Castagnola* v. *Fatool,* 136 Conn. 462, 468. Presumably, there would have to be a showing that the plaintiff, through her occupation, bank account, or other assets readily convertible into money, would be able to comply with the order. Otherwise, the court would be issuing a futile order. The law never requires the impossible. *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 87. It is only when the court is justified in issuing a support order that it may, to ensure the honoring of the decree, direct "security to be given therefor," the word "therefor" obviously referring to the decree relative to parental liability. Succinctly stated, the pecuniary ability to pay a support order is the sine qua non for a directive of security to ensure compliance with the order. Proof in this regard is completely lacking here. *Manyak* v. *Manyak,* 29 Conn. Sup. 1, cited by

the defendant, is not authority for the proposition averred by the defendant, since the imposition of the trust in that case was made pursuant to § 52-22 of the General Statutes, the gravamen of the complaint in that case being that the conveyance was induced by fraud.

The construction the court has placed on the statute would appear to be stringent. Since, however, the legislation potentially operates in derogation of the common law, which required the primary obligation for the support of minor children to rest upon the father; *White* v. *White,* 138 Conn. 1, 5; it must be strictly construed. *Willoughby* v. *New Haven,* 123 Conn. 446, 454. The court can go no faster than the legislature has gone. Ibid. Parenthetically, it might be noted that the plaintiff has pending a partition suit requesting a sale of the premises. Whether, assuming that the status of the defendant is the same then as it is now, the plaintiff will then have the necessary pecuniary ability to satisfy a support order cannot now be determined.

The motion is denied.