MAE GENTILE ET AL. *v.* HOWARD S. IVES,
HIGHWAY COMMISSIONER

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued May 3—decided June 6, 1972

*Clement J. Kichuk,* assistant attorney general, with whom, on the brief, were *Robert K. Killian,* attorney general, and *Jack Rubin,* assistant attorney general, for the appellant (defendant).

*Frank W. Murphy,* with whom, on the brief, were *Abraham D. Slavitt* and *Robert A. Slavitt,* for the appellees (plaintiffs).

HOUSE, C. J. This is an appeal by the defendant highway commissioner from an order of the Superior Court granting the plaintiffs' "Motion for Order in Aid of Judgment," which directed the defendant to pay to the plaintiffs the amount of a judgment dated November 7, 1968, costs and "all interest accruing

from the date of the taking of the plaintiffs' property by the exercise of eminent domain on June 7, 1968 to the date of payment." In granting the motion, it appears that the court did nothing more than state again the substance of the language of the original judgment of November 7, 1968, which we affirmed in *Gentile* v. *Ives,* 159 Conn. 443, 270 A.2d 680, cert. denied, 400 U.S. 1008, 91 S. Ct. 566, 27 L. Ed. 2d 621. That judgment stated: "Whereupon it is adjudged that the defendant pay to the plaintiff the amount of the deficiency in the sum of $4,860.00, interest to the date of payment, and costs."

While a motion entitled "Motion for Order in Aid of Judgment" is one unknown to our practice, it is clear that the plaintiffs, in the unusual situation where the state, acting through its highway commissioner, had failed to comply with a judgment of the Superior Court, sought to invoke the general power of the Superior Court to enforce its own judgments. See 46 Am. Jur. 2d, Judgments, § 898; 49 C.J.S., Judgments, § 586. In the usual case, money judgments are enforced by lien and foreclosure or execution or, in some circumstances of nonpayment, by a separate suit. See *Garguilo* v. *Moore,* 156 Conn. 359, 242 A.2d 716. Those remedies, in this instance, are both inappropriate and unnecessary since problems of sovereign immunity are involved and the state is expressly charged by statute with the duty to pay a deficiency judgment which arises from an action to determine just compensation for property taken through eminent domain. General Statutes § 48-11.

It is evident that by the present appeal the defendant, who has failed to comply with the portion of the judgment of November 7, 1968, ordering him to pay interest on the condemnation award "to the date of payment," seeks to secure by a collateral attack a

reversal or modification of that judgment from which he took no timely appeal in the first instance or cross appeal when the plaintiffs did appeal. See Practice Book § 607; Maltbie, Conn. App. Proc. § 122.

In passing on the plaintiffs' present motion, the court heard no evidence and made no finding of fact, noting that "[t]he facts are in the record," a record which consisted solely of the judgment entered November 7, 1968, the judgment of this court dated June 5, 1970, finding no error in that judgment, the plaintiffs' motion, and the defendant's "[o]bjection" thereto.

Under the circumstances, we find no error in the action of the Superior Court in granting the plaintiffs' motion for an order "directing the defendant to pay to the plaintiffs the amount of the Judgment, costs and all interest accruing from the date of the taking of the plaintiffs' property by the exercise of eminent domain on June 7, 1968 to the date of payment." That order was simply repetitive of the provisions of the judgment of November 8, 1968, in which judgment this court found no error.

There is no error.

In this opinion the other judges concurred.