## SANTO BASCETTA *v.* ROBERT J. BASCETTA ET AL. (2436)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued November 1, 1983—decision released February 7, 1984

*Kenneth B. Shettle,* for the appellants (defendants).

*Dwight D. Weed,* for the appellee (plaintiff).

TESTO, J. The plaintiff brought this action against the named defendant, Robert Bascetta, and five other defendants under § 52-22 of the General Statutes which permits the court in the exercise of its equitable powers to transfer title to real property by court decree. On August 14, 1979, the plaintiff executed a quitclaim deed drafted by Robert Bascetta which reserved to the plaintiff a life estate and conveyed the remainder to the five other defendants, who are his two living children and the living children of his deceased daughter. The plaintiff claims that he did not understand the nature of the

deed when he executed it. From a judgment in favor of the plaintiff, the defendants have appealed.[1]

The plaintiff and his wife owned a piece of property jointly with rights of survivorship. After his wife's death, the plaintiff retained sole ownership in the property. Subsequently, the plaintiff wanted to marry a sixty year old widow. The plaintiff's family disapproved of the marriage. The widow, however, would not live with the plaintiff without benefit of marriage, and she was unwilling to marry him unless he gave her a right of inheritance to his property.

There was conflicting testimony concerning the preparation and execution of the quitclaim deed. The named defendant testified that the plaintiff had asked him to prepare a deed in which the plaintiff would reserve a life estate to himself with the remainder interest going to his children and grandchildren. The plaintiff stated that he had never spoken to the named defendant with reference to disposing of his real property. The trial court found that the conversation had taken place. The court also found that the deed had been prepared by the named defendant and executed by the plaintiff, reserving a life interest to the plaintiff with the remainder interest going to his children and grandchildren, the other five defendants. Furthermore, the court found that the named defendant misrepresented to the plaintiff the nature of the interest that the plaintiff would retain in the property once he quitclaimed it. Some weeks later a notice appeared in the newspaper reporting the conveyance. When the notice was brought to the plaintiff's attention, he became very upset; he kept repeating that the deed was

---

[1] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred to the Supreme Court in 1982, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

wrong and expressed anger at his children for what they had done. The plaintiff asked his children to reconvey the property to him. They refused.

The plaintiff then instituted this action. The trial court found that the deed was executed as a result of misrepresentation of the material facts, that the plaintiff did not understand the consequences of his signing the deed, and that there was sufficient evidence to cancel the deed. After concluding that the defendants' special defenses were not supported by the evidence, the court rendered judgment transferring title to the subject property to the plaintiff.

The gist of the defendants' claim is that the trial court's finding of misrepresentation is not supported by the evidence. The defendants maintain that the plaintiff, after signing the deed, had a life estate in the property and that since this constitutes an ownership interest, the defendants made no misrepresentation to him. A life interest, however, constitutes ownership limited to the life of the tenant. This is not the interest the plaintiff thought he would have. The trial court found that the plaintiff was under the impression that he would retain fee simple ownership after execution.[2]

The decision of the trial court will not be reversed or modified unless it is clearly erroneous in light of the evidence and the pleadings in the record as a whole. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The court below found that all the essential elements of misrepresentation[3]

---

[2] The plaintiff only understood the common usage of the word ownership and not ownership in the legal sense of a life estate.

[3] The trial court stated that Robert Bascetta's instructions to the plaintiff may have been made in good faith and under the impression that he was carrying out the plaintiff's wishes. This establishes a cause of action for innocent misrepresentation. *Miller* v. *Appleby,* 183 Conn. 51, 56, 438 A.2d 811 (1981); *Johnson* v. *Healy,* 176 Conn. 97, 100–103, 405 A.2d 54 (1978).

had been proved by the plaintiff. Its memorandum of decision shows that there was ample evidence to support the conclusion that the defendants had misrepresented to the plaintiff his ownership status in the property after signing the quitclaim deed.[4] A misrepresentation of material fact which results in the execution of a deed is a ground for the equitable cancellation of that deed. *Brett* v. *Cooney,* 75 Conn. 338, 342, 53 A. 729 (1902). Under the circumstances in the present case, the unilateral mistake induced by the named defendant and relied upon by the plaintiff to his injury is sufficient reason for rescinding the deed. See *Milford Yacht Realty Co.* v. *Milford Yacht Club, Inc.,* 136 Conn. 544, 549, 72 A.2d 482 (1950); *Lieberum* v. *Nussenbaum,* 94 Conn. 276, 279, 108 A. 622 (1920). On the record before us, we find that the trial court's decision to transfer title to the real property to the plaintiff pursuant to § 52-22 of the General Statutes is supported by the evidence and not clearly erroneous.

There is no error.

In this opinion the other judges concurred.

---

[4] Robert Bascetta and his wife testified during the trial that they told the plaintiff that he would still own the property after he signed the deed. The plaintiff confirmed that he believed the named defendant when he reassured the plaintiff that he would not lose ownership. It was with this belief that the plaintiff signed the deed.