Eco Industries, Inc. *v.* Executive Monarch Hotel, Inc., et al.

Charles Moskowitz *v.* Baker-Stamford Limited Partnership et al.
(3165)
(3427)

Hull, Spallone and Daly, Js.

Argued May 14—decision released August 6, 1985

*Stephen A. Wise,* with whom, on the brief, was *Robert P. Layton,* for the appellant (plaintiff in the first case).

*Michael E. Grossman,* with whom, on the brief, was *Eliot B. Gersten,* for the appellee (plaintiff in the second case).

HULL, J. These consolidated appeals arise out of the trial court's disposition of several pretrial motions filed by the appellant, Eco Industries, Inc., in the two captioned cases, which were also consolidated for trial. We find no error.

In December, 1981, Eco Industries, Inc. (Eco), filed a complaint in the Stamford judicial district against Executive Monarch Hotel, Inc. (Executive), Baker Properties and William A. Baker, Jr.,[1] for damages arising out of a contract for work to be done by Eco at the hotel. This action is designated as case one. Earlier, in June, 1981, Charles Moskowitz, a subcontractor to Eco, filed an action in the Hartford judicial district against Baker-Stamford Limited Partnership, Patent Scaffolding Company and Williamsburgh Savings Bank[2] arising out of the plaintiff's certificate of mechanic's lien which had been filed against Executive, then the owner of the hotel, on January 16, 1981. This action is designated as case two.

The defendants in case two subsequently moved to transfer that case to Stamford and to consolidate case one and case two for trial. Both of those motions were granted.

Eco then filed a "complaint over" in case one against Moskowitz, claiming that Moskowitz's actions were the cause of its dispute with Executive, and served that complaint upon the attorneys representing Moskowitz in case two. A default judgment was entered by the

---

[1] The claims against Baker Properties and William A. Baker, Jr. are made relative to their actions on behalf of Executive.

[2] Baker-Stamford had purchased the hotel from Executive. Patent Scaffolding claimed an interest in the hotel by a mechanic's lien, and Williamsburgh held a mortgage deed to the hotel.

court on November 2, 1983, because of Moskowitz's failure to answer this complaint over. The default was subsequently set aside and, on February 22, 1984, Moskowitz moved to dismiss the complaint over for lack of personal jurisdiction, insufficiency of process and insufficiency of service, since he had not been personally served. At the same time, Moskowitz moved to strike the complaint because the "complaint over" is not a pleading recognized by the courts in Connecticut. The trial court denied the motion to dismiss the complaint over, but granted the motion to strike.[3] Upon Eco's failure to file a new pleading, the court rendered a judgment striking the complaint over. From that judgment, the plaintiff filed the first of the two present appeals, No. 3427.

Meanwhile, after the striking of its complaint over, Eco moved for permission to be made a party defendant in case two. That motion was denied on April 2, 1984, and Eco filed the second appeal, No. 3165, from that denial.

In its consolidated brief on these two appeals, Eco claims that the court erred (1) in striking its complaint over in case one and (2) in denying its motion to be made a defendant in case two.

With respect to Eco's first claim of error, we note that its brief is not responsive to the trial court's decision on the motion to strike. Eco argues that the motion to strike was based on insufficiency of service. That is simply not so. The motion to dismiss, which was denied by the court, raised such a claim, but the motion to strike argued only that there is, in Connecticut, no such pleading as a "complaint over." The remainder of Eco's brief on this point deals with its claim that a

_____

[3] It should be noted that the parties have agreed that the record, which reflects that the motion to strike was denied, is in error.

motion to dismiss was the proper vehicle for raising the claim of insufficiency of service, as was, in fact, done.[4]

With regard to the decision of the court on Moskowitz's motion to strike, as that motion was actually presented, we simply point to Practice Book §§ 175 and 176 which specify the proper procedure for amending a complaint to include new counts. Had Eco simply moved to amend its complaint, as it should have, so as to add Moskowitz as a defendant, or had it filed a separate action against Moskowitz to be consolidated with the other two, all of the ensuing creative pleading could have been avoided. We conclude that the court did not err in striking Eco's "complaint over," a creature not normally spotted in Connecticut's jurisprudential forests.

With respect to Eco's second claim, that it should have been granted permission to enter case two as a defendant, we note that, although the cases were consolidated for trial, they arose under two separate theories. Case one was based on a breach of contract while case two was based on a mechanic's lien. The only defendants in case two were parties with interests, adverse to those of Moskowitz, in the hotel property which was subject to the lien. Thus, Eco was not an entity which "has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff" as is required by Practice Book § 85 before it may be joined as a defendant in case two. Thus, the court did not err in denying Eco's motion to be made a party defendant.

There is no error.

In this opinion the other judges concurred.

---

[4] It seems clear that Eco's confusion arises out of the fact that it misconstrued Moskowitz's memorandum in support of his motion to dismiss as having been filed with regard to his motion to strike as well. That is not the case as the caption to that memorandum clearly indicates.