WILLIAM C. LEE *v.* PEARL A. TUFVESON ET AL.
(3396)

HULL, BIELUCH and PICKETT, Js.

Argued November 25, 1985—decision released February 25, 1986

*Charles C. Greenwald,* for the appellants (named defendant et al.).

*Richard P. Kuzmak,* with whom, on the brief, was *Michael C. Bellobuono,* for the appellee (plaintiff).

PICKETT, J. The defendants Pearl A. Tufveson and Ethel M. Tufveson, have appealed from a Superior Court order conveying to the plaintiff, William C. Lee, title to a parcel of real estate pursuant to General Statutes § 52-22. The plaintiff commenced this action against the defendants Pearl A. Tufveson and Ethel

M. Tufveson, inter alios, for breach of a contract to sell real estate located in Cromwell. On December 15, 1982, a stipulated judgment was rendered ordering the defendants to convey title to the subject property before February 15, 1983, upon payment by the plaintiff of the sum of $94,000.[1] On March 18, 1983, the defendants moved to open the judgment. This motion was denied on July 25, 1983. On August 8, 1983, the defendants, Pearl A. Tufveson and Ethel M. Tufveson, filed an appeal to this court challenging the denial of the motion to open the judgment. On January 13, 1984, the court dismissed the appeal, suo motu, pursuant to Practice Book § 3109 for lack of diligent prosecution.

On February 7, 1984, after the defendants refused to comply with the stipulated judgment, the plaintiff filed a motion requesting the Superior Court to pass title to the subject property pursuant to General Statutes § 52-22. On July 5, 1984, the court ordered the conveyance of title of the subject property pursuant to General Statutes § 52-22. The defendants have appealed the granting of this motion.

The defendants allege that the Superior Court order transferring title to the subject property pursuant to General Statutes § 52-22 was improper for three reasons. The defendants claim (1) that the court's action modified the terms of a stipulated judgment without

---

[1] The original judgment read in part: "The Court, having heard the parties on the stipulation, finds that the judgment should be entered in accordance with the stipulation.

"Whereupon it is adjudged that the defendants shall convey for purchase to the plaintiff the real estate hereinbefore described upon payment by the plaintiff of the sum of $94,000.

"It is further ordered that the defendants shall sign, within seven days of December 15, 1982, a deed of conveyance of said real estate. It is ordered that this deed of conveyance shall be delivered to Mr. James T. Borger of the Hartford National Bank and Trust Company who shall, in turn, deliver the deed to the plaintiff upon the payment of $94,000 by the plaintiff. This transaction is ordered to be completed on or before February 15, 1983."

consent of the parties, (2) that General Statutes § 52-22 is not the proper vehicle for executing a stipulated judgment, and (3) that the court, by granting the plaintiff's motion to pass title of the subject property without a hearing, violated the defendants' due process rights under the fourteenth amendment to the United States constitution and article first, § 10, of the Connecticut constitution. The third claim was withdrawn during argument and is therefore abandoned. The issue on appeal is whether the Superior Court erred in granting plaintiff's motion to transfer title to the subject real estate pursuant to General Statutes § 52-22. We find no error.

The defendants' argue that the court's granting of the plaintiff's motion to pass title to the real estate pursuant to General Statutes § 52-22 unilaterally modified the stipulated judgment. "When parties to a lawsuit voluntarily enter into a consent decree that is entered on the court records, certain well established consequences follow. Although a consent judgment is a contract rather than an adjudication on the merits . . . such a judgment is as conclusive as if it had been rendered upon controverted facts." (Citation omitted.) *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* 191 Conn. 555, 558, 468 A.2d 1230 (1983). The terms of a consent judgment may not be enlarged or lessened by the court. *Bryan* v. *Reynolds,* 143 Conn. 456, 460–61, 123 A.2d 192 (1956); *Owsiejko* v. *American Hardware Corporation,* 137 Conn. 185, 187–88, 75 A.2d 404 (1950). Nevertheless, "[h]aving found noncompliance, the court, in the exercise of its equitable powers, necessarily [has] the authority to fashion whatever orders [are] required to protect the integrity of the original consent judgment." *Connecticut Pharmaceutical Assn., Inc.* v. *Milano,* supra, 563–64. We find that the court did not enlarge or lessen the terms of the stipulated judgment, but rather only protected the judgment's integrity by conveying the property.

The defendants' remaining claim is that General Statutes § 52-22 is not the proper manner in which to execute a stipulated judgment. General Statutes § 52-22 provides: "The superior court in the exercise of its equitable jurisdiction may pass the title to real property by decree, without any act on the part of any party holding title to the real property, when in its judgment it is the proper mode to carry the decree into effect. When the decree is recorded in the land records in the town where the real property is situated, it shall be, while in force, as effectual to transfer the real property as the deed of the party or parties holding title."

"In the interpretation of statutes, the intent of the legislature is to be found not in what it meant to say but in what it did say. *State* v. *Smith,* 194 Conn. 213, 222, 479 A.2d 814 (1984); *Gomeau* v. *Forrest,* 176 Conn. 523, 526, 409 A.2d 1006 (1979). A primary rule of statutory construction is that if the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature; *State* v. *Smith,* supra, 221; *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975) . . . and there is no need to construe the statute. *Bell* v. *Planning & Zoning Commission,* 173 Conn. 223, 226, 377 A.2d 299 (1977). The words of a statute are to be given their commonly approved meaning unless a contrary intent is clearly expressed. *Holmquist* v. *Manson,* 168 Conn. 389, 393, 362 A.2d 971 (1975). Where the legislative intent is clear and unambiguous, there is no need for statutory construction or a review of the legislative history. Moreover, it is not the province of a court to supply what the legislature chose to omit. The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms. *In re Petition of State's Attorney, Cook County, Illinois,* 179 Conn. 102, 107, 425 A.2d 588 (1979); *Weingarten* v. *Allstate Ins. Co.,* 169 Conn. 502, 507–508, 363 A.2d 1055

(1975)." *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 550–51, 494 A.2d 564 (1985); see *Peck* v. *Jacquemin,* 196 Conn. 53, 63, 491 A.2d 1053 (1985); *Breen* v. *Department of Liquor Control,* 2 Conn. App. 628, 631, 481 A.2d 755 (1984).

The statute provides the court with a more simple and direct method of transferring title than ordering a party to execute a deed especially when the court's intention is merely to transfer legal title. *Atlas Garage & Custom Builders, Inc.* v. *Hurley,* 167 Conn. 248, 257, 355 A.2d 286 (1974); *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 510, 95 A.2d 260 (1953); *Robinson* v. *Cross,* 22 Conn. 171, 175–76 (1852); *Bascetta* v. *Bascetta,* 1 Conn. App. 256, 470 A.2d 1232 (1984); *Manyak* v. *Manyak,* 29 Conn. Sup. 1, 268 A.2d 806 (1970).

General Statutes § 52-22 provides in part: "The superior court in the exercise of its equitable jurisdiction may pass title . . . ." Specific performance is an equitable remedy. *Dick* v. *Dick,* 167 Conn. 210, 221–22, 355 A.2d 110 (1974). Therefore, General Statutes § 52-22 is a proper way to execute this stipulated judgment in which the court ordered the transfer of legal title.[2] See *Atlas Garage & Custom Builders, Inc.* v.

---

[2] Insofar as the dissent relies upon *Garguilo* v. *Moore,* 156 Conn. 359, 361, 242 A.2d 716 (1968), *Gentile* v. *Ives,* 163 Conn. 281, 303 A.2d 720 (1972), and *Eco Industries, Inc.* v. *Executive Monarch Hotel, Inc.,* 4 Conn. App. 659, 662, 496 A.2d 233 (1985), this reliance appears to be misplaced. In *Garguilo,* while the court stated that an action on the judgment was acceptable, it did not hold that it was the plaintiff's only remedy. *Garguilo* v. *Moore,* supra, 361. Further, the *Garguilo* court noted that the case was unique because the stipulated judgment lacked clarity and finality and was not susceptible to immediate enforcement. Id., 364. A resolution of the issues raised in *Garguilo* required the trial court to interpret the terms of the consent judgment. Id., 365. Certainly, that is not the issue in the present action. Clarity and finality are present and the trial court merely enforced its judgment.

In *Gentile* and *Eco Industries, Inc.,* the motions in question were unknown to Connecticut practice. See *Gentile* v. *Ives,* supra, 281 ("Motion for Order in Aid of Judgment"); *Eco Industries, Inc.* v. *Executive Monarch Hotel, Inc.,*

*Hurley,* supra, 257; *Dick* v. *Dick,* supra; *Robinson* v. *Cross,* supra. The trial court did not err in granting the plaintiff's motion to transfer property pursuant to General Statutes § 52-22.

There is no error.

In this opinion HULL, J., concurred.

BIELUCH, J., dissenting. I dissent. The majority opinion permits a party to return to court more than one year subsequent to the entry of judgment and to alter the terms of that judgment merely by filing a motion. Such a procedure totally disregards the legal concepts of finality of judgments and compliance with proper procedures for enforcing judgments provided by our common law and rules of practice.

The courts of this state have often expressed disfavor for procedures which undermine "the important principle of finality [of judgments]." *Meinket* v. *Levinson,* 193 Conn. 110, 113, 474 A.2d 454 (1984); see also *Steve Viglione Sheet Metal Co.* v. *Sakonchick,* 190 Conn. 707, 713, 462 A.2d 1037 (1983); *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447 (1982); *Fairfield Lease Corporation* v. *Romano's Auto Service,* 4 Conn. App. 495, 497, 495 A.2d 286 (1985); *Grayson* v. *Grayson,* 4 Conn. App. 275, 296, 494 A.2d 576 (1985). " 'Public policy requires that a term be put to litigation and that judgments, as solemn records upon which valuable rights rest, should not lightly be disturbed . . . .' " *Lampson Lumber Co.* v. *Hoer,* 139 Conn. 294, 297, 93 A.2d 143 (1952), quoting 1 Freeman, Judgments (5th Ed.) § 305 p. 602. The

---

supra, 661 (plaintiff filed a "complaint over"). Transferring property pursuant to General Statutes § 52-22, however, is not unknown to Connecticut practice.

Finally, both *Gentile* and *Garguilo* involved only money judgments, not specific performance. It is also noted that in *Gentile* and *Garguilo,* the Supreme Court upheld the procedural devices used by the trial court. See *Gentile* v. *Ives,* supra, 283; *Garguilo* v. *Moore,* supra.

majority's ruling permits the parties to a judgment to return to court upon motion long after even the trial court's limited power to set aside or open the judgment has expired. See Practice Book § 326 (four month limitation on setting aside or opening judgments.) The majority's ruling impermissibly erodes a keystone concept of our law.

Further, the majority opinion ignores the existence of an appropriate procedural vehicle by which the plaintiff could have obtained precisely the result which he sought, namely, the enforcement of the terms of the judgment. By simply alleging noncompliance with the judgment, the plaintiff could have, and should have, brought suit thereon. See *Garguilo* v. *Moore,* 156 Conn. 359, 361, 242 A.2d 716 (1968). Merely filing a motion requesting that the court order enforcement of the judgment was legally and procedurally impermissible.

The majority's argument that General Statutes § 52-22 is clear and unambiguous in clothing the court with the equitable power to transfer property is entirely accurate, but it misses the mark in this case. The statute, while literally fitting the object of this case, merely grants equitable jurisdiction to a court in a proper case, but does not specify the procedure to be observed in its use. The majority opinion reads into the statute the power to employ a simple motion, for which there is no statutory or procedural authority, to wrest property from its owner.

The majority also ignored that the plaintiff's motion is "a creature not normally spotted in Connecticut's jurisprudential forests." *Eco Industries, Inc.* v. *Executive Monarch Hotel, Inc.,* 4 Conn. App. 659, 662, 496 A.2d 233 (1985). A genetically similar creature, entitled a "Motion for Order in Aid of Judgment," was at issue in *Gentile* v. *Ives,* 163 Conn. 281, 303 A.2d 720 (1972). There the court remarked upon the impropriety of the

motion where other remedies, including an action on the judgment, were available, but on the specific facts before it found that an action on the original judgment could not be brought because of the defendant's sovereign immunity from suit and allowed the motion. Id., 282.

The majority asserts that *Gentile* and *Eco* are inapposite to the present case because "[t]ransferring property pursuant to General Statutes § 52-22 . . . is not unknown to Connecticut practice." I do not, however, assert that such transfers are foreign to Connecticut practice. Rather, I assert that the procedure used by the plaintiff to obtain the transfer was unknown to Connecticut practice and was improper.

For the foregoing reasons I dissent.