[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ORDER
The defendant's motion dated June 6, 1990 is hereby granted. The weekly child support order of $75.00 per week for each of the two minor children is hereby reduced to $34.00 per week per child, for a total child support order of $68.00 per week. This order and the order for alimony in the CT Page 161 amount of $35.00 per week is to be secured by an immediate wage withholding. Any wage withholding already in effect is to be modified accordingly. This order is effective July 13, 1990.
All other orders incident to the dissolution remain in full force and effect.
FINDINGS (Plaintiff still on assistance)
The defendant, Donald A. Steele, has brought an application for rule to show cause dated June 6, 1990 seeking a modification of his weekly child support obligation. The original decree of dissolution award the plaintiff, Susan D. Steele, $75.00 per week for each of two minor children and $35.00 per week alimony. The defendant alleges that he can no longer afford to pay this obligation due to a substantial change in his financial circumstances since the date of the divorce.
The defendant's motion did not request a decrease in the weekly alimony obligation. Therefore, the court can only address his written request for a modification of his child support payments.
A hearing was held on the defendant's motion on June 22 and June 27, 1990. Both parties appeared pro se. A prior contempt proceeding was heard an resolved earlier this year as a result of consecutive hearings in February and March. At the end of March, the defendant was found in compliance after payment of $1,700.00 lump sum. Although recently he he has missed several weeks worth of payments, there was no application or motion for contempt pending at the time of the June 27 hearing and the prior contempt application had been resolved. However, by agreement of the parties, an arrearage is found due and owning to the petitioner in the amount of $1,050.00 as of June 22, 1990.
Although the defendant has offered to pay off the balance of any arrearage presently owed to the plaintiff by withdrawing funds from his profit sharing retirement plan, which is managed by his former employer, withdrawal requires a qualified domestic relations order pursuant to specific Internal Revenue Service regulations. This is not a remedy for the court to attempt to fashion sua sponte. Nor is this court inclined to assume the role of advocate for either side and attempt to negotiate an acceptable order with the manager of the plan. Great familiarity with the nature of the plan is required in order to avoid adverse tax consequences to either the defendant or the employer.
If either party in the future wishes to draft and present this court with an acceptable order, the court will consider it at the time. CT Page 162
At the time of the dissolution in February of 1988, the defendant was employed by the plaintiff's uncle at General Boring and earning over $11.00 an hour. He left that job May 1, 1990, having been asked to resign, he says, due to the injuries he sustained form a motor vehicle accident while on the job. The defendant indicated it had been difficult working for his former wife's uncle since the divorce.
The plaintiff alleges the defendant stole a company vehicle, "smashed" it up and was fired. Whichever reason led to his termination, his leaving was not voluntary.
The defendant did obtain another job within several weeks, which now pays him considerably less. His reduction in net weekly income is close to $150.00. He does not have any specific skills or a profession which could easily lead him to another $11.00 an hour job.
The plaintiff argues that since the defendant will eventually have access to nearly $10,000.00, (before taxes), this interest and the former employer's retirement plan, no reduction is warranted.
She states this is still her money, too, since it was an asset acquired during the marriage by the defendant. However, the divorce judgment did not address any division of this asset, which would have required a qualified domestic relations order. She had no established right to any of the money.
An order granting her an interest in the defendant's profit sharing plan at this time would be neither a modification of periodic alimony or support, but rather an assignment of part of the estate of one of the parties to the other. This cannot be done post-dissolution. This court only has the limited continuing jurisdiction set forth in Section 46b-86.
Authority in Connecticut for the transfer of property is found in General Statutes, Section 46b-81, which provides that only at the time of entering a decree dissolving a marriage may a court assign to either the husband or wife all or any part of the estate of the other. Rubin v. Rubin, 204 Conn. 224, 229 (1987).
The plaintiff further argues that the defendant's interest in the profit sharing plan can be used as security against the defendant's future support obligation. This arguments suggests the court ignore Mr. Steele's present ability to meet the current support and alimony obligations and to allow an arrearage to accrue under the original $185.00 per week order until he can access his retirement fund and pay the arrearage balance. CT Page 163
To warrant ordering a party to provide an asset as security for future child support obligations the trier must be convinced that the future weekly payments are still within the present available means of the payor. There has to be a showing that the payor, through his occupation, bank account, or other assets readily convertible into the money, would be able to comply with the order. Otherwise, the court would be issuing a futile order. The law never requires the impossible. It is only when a court is justified in issuing a support order that it may, to ensure the honoring of the order, direct security to be given. Palmieri v. Palmieri, 29 Conn. Sup. 462, 464 (1972).
The current order of $185.00 per week is not within the present ability of Mr. Steele to pay based on his net income of $203.94. He has no other readily convertible assets and no direct access to the retirement funds for at least another two years.
Additionally, absent actuarial testimony, this court would decline to speculate how much money, after taxes, the defendant may be able to access at some future, unspecified date.
Based on the significant reduction in the defendant's weekly employment income since the date of the dissolution this court finds there has been a substantial change in circumstances warranting a reduction in the court-ordered child support. Darak v. Darak, 210 Conn. 462, (1989).
In determining an appropriate child support order, the court is somewhat restricted by its inability to also reduce the alimony award of $35.00 per week.
The maximum family support guidelines intend that the spousal support determination occur within the context of the disposable income of the payor after the child support obligation is established and with the proviso that the retained in come of the payor in no case be reduced to below 40% or 100%, whichever is greater, for any combination of child support and spousal support. The amount of disposable income available for spousal support is the difference between the expected child support and the maximum family support. See discussion of child support guidelines in West's Connecticut Rules of Court, 1983 Edition, page 397.
Accordingly, the weekly order of child support should be reduced from $75.00 per week for each of the two minor children to $34.00 per week per child, for a total of $68.00 per week child support. This leaves the defendant with the requisite $100.00 per week. CT Page 164
LAVERY, J.
CHRISTINE E. KELLER FAMILY SUPPORT MAGISTRATE