[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FINDING
The defendant, David Keane, has filed an application for rule to show cause requesting a modification of his weekly child support obligation. The order is $60.00 per week per child for the support of three minor children and $25.00 per week on an arrearage previously found owing to the plaintiff — a total of $205.00 per week.
The defendant's motion was filed in defense of the plaintiff's application for contempt dated June 5, 1990. The application and motion were heard contemporaneously on July 13, 1990 in accordance with C.G.S. Section 46b-8.
In November of 1989, the weekly child support obligation had been modified such that when the arrearage found due the plaintiff as of November 27, 1989 was paid off, the defendant was to begin paying the $60.00 per week per child, an increase of $10.00 per week per child. Unfortunately, he had difficulty CT Page 721 meeting the scheduled arrearage payments of $25.00 per week, so the arrearage was never paid off. However, had he complied with the order, it should have been paid up as of April 20, 1990. The Office of Support Enforcement therefore computed the present arrearage due based on the premise that from April 20 on, the defendant owed $60.00 per week per child. The arrearage as of July 12, 1990 is found to be $1,258.56, subject to adjustment.
Since the last modification in November, the defendant was laid off from his position at Bender Plumbing. His present income is derived solely from $235.00 per week in unemployment compensation.
The plaintiff's income has not changed substantially since the date of the last modification, which was accomplished at her behest. It should be noted, however, that since the date of the dissolution, her financial situation has improved significantly. She presently report assets worth over $160,000.00, some of which are bank accounts and readily convertible. Since her divorce, her net weekly income has also increased sizeably, from $130.00 per week to $375.85.
I find there has been a substantial change in the circumstances of both parties since the date of the dissolution which was not contemplated at the time. Grinold v. Grinold,172 Conn. 192, (1976); Kelepecz v. Kelepecz, 187 Conn. 537 (1982).
The defendant has suffered an involuntary reduction in income and has been making extremely diligent efforts to locate a job over the past several months. Some temporary relief from the current orders is warranted until he gets back on his feet
The plaintiff has suggested that in lieu of a modification, I merely order a reduction in the balance of an interest-free, $10,000.00 second mortgage the defendant holds on the marital premises, which were quit-claimed to the plaintiff at the time of the divorce. She proposes that an arrearage continue to accrue at the full $180.00 per week until he can afford to meet that payment again. Instead of requiring the defendant to pay off the arrearage, she would pay him proportionately less when the time comes to pay the balance of the mortgage to the defendant.
The plaintiff's receipt of the home subject to the first mortgage and a second mortgage to the defendant, payable without interest when the youngest child turn eighteen is part of Article V, "Alimony" in the parties' separation agreement, which was incorporated into the divorce decree. This provision expressly states that it is non-modifiable by a court in the future. Therefore, absent the defendant's agreeing to the plaintiff's proposal, this court will not entertain her suggestion. CT Page 722
In addition, to warrant ordering a party to provide an asset as security for future child support obligations, the trier must be convinced that the future weekly payments are still within the present available means of the obligor. There has to be a showing that the obligor, through his occupation, bank account, or other assets readily convertible into money, would be able to comply with the order. Otherwise, the court would be issuing a futile order. The law never requires the impossible. It is only when a court is justified in issuing a support order that it may, to ensure the honoring of the order, direct security to be given. Palmieri v. Palmieri, 29 Conn. Sup. 462, 464 (1972).
The defendant has been paying a portion of the weekly order since he was laid off. I find no contempt since he did not have the ability to meet these payments and his failure to meet then was not a willful violation of the court order.
The weekly child support order of $180.00 per week will be temporarily reduced to a level commensurate with the child support guidelines. This matter will be continued to a later date for review of the defendant's employment status.
ORDER
Finding of no contempt may enter. There is an arrearage found due and owing to the plaintiff, subject to adjustment, in the amount of $1,258.56 as of July 12, 1990. Effective July 20, 1990, the defendant's weekly support obligation is temporarily reduced to $40.00 per week per child, for a total of $120.00 per week. All payments on the support arrearage are temporarily stayed until further order of the court.
This matter is continued to October 5, 1990 for review of the defendant's employment status at that time.
The order is to be secured by an immediate wage withholding. Any wage withholding currently in effect is to be modified in accordance with this order.
All other orders incident to the dissolution remain in full force and effect.
KREMSKI, J.