[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is a motion to strike a special defense that a portion of the statute allowing this administrative appeal is unconstitutional, "a creature not normally spotted in Connecticut's jurisprudential forests." Eco Industries, Inc. v. Executive Monarch Hotel, Inc., 4 Conn. App. 659, 662. The defendant Board claims in its special defense that the portion of section 8-8 which confers automatic standing to take an appeal on any person owning land which abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the Board is unconstitutional, because it infringes on the power of the judiciary. CT Page 2359
While some cases suggest that a motion to strike cannot be used in an administrative appeal, Cardoza v. Zoning Commission, 211 Conn. 78, 82n suggests that a motion to strike may be used in a proper case.
A motion to strike can be used to test the legal sufficiency of a special defense to a cause of action. Section 152(5) Connecticut Practice Book; Passini v. Decker,39 Conn. Sup. 20, 21; Nowak v. Nowak, 175 Conn. 112, 116. With a motion to strike, the facts alleged in the pleading and facts necessarily implied from the facts in it are accepted as true, but the motion does not admit legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37.
Section 8-8 allows zoning appeals to be brought by persons who are aggrieved by the Board's decision ("classical aggrievement"), and persons owning property which abuts or is within a specified distance of the land involved in the Board's decision ("statutory aggrievement"). See Pierce v. Zoning Board of Appeals, 7 Conn. App. 632, 636. The Board contends that the second category, statutory aggrievement, is an unconstitutional interference by the legislature with the judicial power vested in the courts under the separation of powers doctrine. It also contends that the legislature cannot confer standing by statute and create justiciability for a person or class of persons who otherwise are not aggrieved and do not have standing to use the court system to decide their appeal. The plaintiffs counter this argument by claiming that administrative appeals are created by statute, there is no right to appeal except as defined by statute, and that the legislature can create classes of persons who have automatic standing in a cause of action or appeal created by statute.
There are two related problems in deciding the constitutionality of the part of section 8-8 of the General Statutes that provides for statutory aggrievement in a zoning appeal. A defendant cannot make a constitutional challenge to a statute on the basis of its possible applications in circumstances not presented by his own case, unless First Amendment freedoms are affected, a situation not claimed to exist here. State v. Madera, 198 Conn. 92, 106. A party who challenges the constitutionality of a statute must prove that the statute has adversely affected a protected interest under the facts of his particular case and not merely under some possible or hypothetical set of facts not proven to exist. State v. Zach, 198 Conn. 168, 176; Smith v. Planning and Zoning Board, 203 Conn. 317, 320n. If, at the time of trial, the plaintiffs show that they are classically aggrieved by CT Page 2360 the Board's decision in changing the zone of land near their property, it will be unnecessary to decide whether the plaintiffs also have standing based on statutory aggrievement. Moreover, only one plaintiff must prove classical aggrievement for the court to consider the merits of the appeal. Nowicki v. Planning and Zoning Board,148 Conn. 492, 495. The only way that the challenged statute becomes important in this appeal is if none of the plaintiffs prove classical aggrievement at the trial, and one or more of them can prove statutory aggrievement. If they can prove neither classical or statutory aggrievement, the case cannot be decided on the merits because aggrievement goes to the subject matter jurisdiction of the court over an administrative appeal. Walls v. Planning and Zoning Commission, 176 Conn. 475, 476, 479; Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702. If classical aggrievement is proven by any of the plaintiffs the constitutional issue raised by the special defense becomes academic. The courts of the state cannot be used as a vehicle to obtain judicial opinions upon legal questions which are purely academic. Reply of the Judges, 33 Conn. 586
(1867); Halles v. Windsor, 212 Conn. 338, 347, 348. Before a court may consider a constitutional question, all statutory or noninstitutional issues must be disposed of. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 720; Maloney v. Pac, 183 Conn. 313, 324; State v. Madera, supra, 105. In order to decide the plaintiffs' motion to strike, the court must decide the legal sufficiency of the special defense, which in turn requires the court to decide a constitutional question.
For these reasons it would usually be appropriate for the court to deny or postpone a ruling on the motion to strike. That approach would be appropriate if, for example, the successful applicant, the co-defendant in this appeal, had filed the motion to strike. However, the motion was filed by the defendant Planning and Zoning Board, a municipal agency. Towns, their boards and commissions have no standing to challenge the constitutionality of statutes passed by their creator, the state legislature, even though they may question the interpretation of such enactments. Connecticut Association of Boards of Education, Inc. v. Shedd, 197 Conn. 554,563. No matter what the evidence is at the time of trial, the Board cannot assert the special defense.
The motion to strike is granted.
Robert A. Fuller, Judge CT Page 2361