[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an administrative appeal from the denial by the defendant commission of an application for a regulated activities permit for property owned by the plaintiff. The permit was required for the construction of a single family residence, septic system and driveway on the property. It is conceded that the plaintiff, which holds title to the subject property, is a Pennsylvania corporation which has not registered to do business in Connecticut. The defendant has filed two special defenses. The first special defense claims that the appellant, as a foreign corporation did not have authority under section 33-396 of the General Statutes to apply for the regulated activities permit since it does not have a certificate of authority to transact business in CT Page 4391 Connecticut. The second special defense claims that the appellant is prohibited by section 33-412 from bringing this appeal because it is an unregistered foreign corporation. The plaintiff has filed a motion to strike both the special defenses. A motion to strike in an administrative appeal is "a creature not normally spotted in Connecticut's jurisprudential forests." Eco Industries, Inc. v. Executive Monarch Hotel, Inc., 4 Conn. App. 659, 662. A motion to strike has been allowed in an administrative appeal. Cardoza v. Zoning Commission, 211 Conn. 78, 82 n. , and is the proper pleading to question the legal sufficiency of a special defense. Connecticut Practice Book, Sec. 152(5); Nowak v. Nowak, 175 Conn. 112, 116.
With a motion to strike, the challenged pleading must be construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36. The motion admits all facts well pleaded but not legal conclusions, and if facts provable under its allegations support a defense, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 109.
While the defendant is correct that whether or not a foreign corporation is transacting business in this state to a sufficient extent to require a certificate of authority, is a question of fact which must be resolved by considering the complete factual circumstances of each case, Peters Production, Inc. v. Dawson, 182 Conn. 526, 529, a more limited question exists here. The acts complained of are not transaction of business in general but two specific acts: (1) the appellant applying for a regulated activities permit for its own property; and (2) taking this appeal from denial of the regulated activities permit. Moreover, in the two special defenses the defendant does not allege, in general terms, that the appellant is illegally transacting business in this state, but only that these specific acts are illegal transaction of business in violation of sections 33-396 and 33-412 respectively.
Section 33-396(a) of the General Statutes provides in part that no foreign corporation shall transact business in this state until it has procured a certificate of authority to do so from the Secretary of State. Not all activities of a foreign corporation constitute doing business in the state in violation of section 33-396, and section 33-397 exempts some activities. First of all, it is clear that "[a]ny foreign corporation may purchase, hold, mortgage, lease, sell and convey real and personal estate in this state for its lawful uses and purposes . . . without such action constituting transacting business in this state . . ." CT Page 4392 Section 33-397 (a) of the General Statutes. In addition, section 33-397 (b) states: "[w]ithout excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities: (1) Maintaining or defending any action or suit or any administrative or arbitration proceeding . . . but nothing in this subdivision shall entitle foreign corporations to maintain suit in this state in violation of section 33-412; . . . (6) creating evidences of debt, mortgages, or liens on real or personal property . . . ." The other subsections of the same statute contain other activities such as maintaining bank accounts, borrowing money, holding meetings and transferring and registering securities. These activities are for benefit of the corporation itself and concern its own property, as opposed to dealing with customers and carrying on general business activities.
Applying for permits for its own property, standing alone, is not the type of activity or transaction which section 33-396 is directed to. Section 33-397 (b) recognizes that other activities besides those listed do not amount to transaction of business in the state in violation of section 33-396. Ownership of property by a foreign corporation is clearly allowed by section 33-397. Applying for a permit to utilize that property does not, as a matter of law, amount to transacting business in the state, so the first special defense is legally insufficient.
The second special defense, based on section 33-412 (a) must be read in conjunction with section 33-397 (b)(1). Since merely applying for a regulated activities permit from the defendant commission does not amount to transacting business in the state, appealing denial of it is not a violation of section 33-412 (a), which only bars a foreign corporation from bringing an action in Connecticut courts when it is transacting business in the state in violation of section 33-396. Neither the appeal nor the special defense alleges any activities which amount to illegal transaction of business in the state. Where the activity in question does not amount to transacting business in Connecticut within the meaning of section 33-396, the foreign corporation is not subject to the provision of section 33-412 requiring a certificate of authority to transact business as a prerequisite to the right to maintain an action in the courts of this state. Eljam Mason Supply, Inc. v. Donnelly Brick Co., 152 Conn. 483, 486. CT Page 4393
The motion to strike the first and second special defenses is granted.
ROBERT A. FULLER, JUDGE