## ARNEL AGUINALDO *v.* MARY ELLEN WARNER ET AL.
## (AC 31211)

Beach, Sheldon and Borden, Js.

Argued October 16, 2012—officially released January 22, 2013

*Richard E. Castiglioni*, with whom, on the brief, was *Jonathan Kelson*, for the appellant (plaintiff).

*Opinion*

SHELDON, J. The plaintiff, Arnel Aguinaldo, appeals from the postjudgment decree of the trial court in this summary process action, passing title pursuant to General Statutes § 52-22 to the defendant, Mary Ellen Warner,[1] to a parcel of real property located at 12 Franklin Avenue, Westport (the premises), from which the plaintiff had attempted unsuccessfully to evict her in this action. The plaintiff claims that the trial court improperly applied § 52-22 in the circumstances here presented, and thus that its judgment passing title must be reversed.[2] We agree with the plaintiff and reverse the judgment of the trial court.

---

[1] This action was commenced against three defendants, but the counts against "John Doe" and "Jane Doe" were withdrawn prior to trial. We refer to Mary Ellen Warner as the defendant.

On April 11, 2012, we granted the motion of Wofsey, Rosen, Kweskin & Kuriansky, LLP, to withdraw its appearance on behalf of the defendant. We then ordered that the appeal would be considered on the basis of the record and the plaintiff's brief alone unless the defendant filed an appearance and her appellee's brief within thirty days of the order, which she failed to do. Accordingly, we decide this appeal based upon the record and the plaintiff's brief alone.

[2] The plaintiff also claims on appeal that: due to the pendency of a quiet title action concerning the premises, the prior pending action doctrine precluded the court from transferring title to the defendant; pursuant to General Statutes § 52-212a, the court's decision was untimely; and the court's judg-

The following facts and procedural history are relevant to the resolution of this appeal. On June 28, 2000, the defendant and her former husband, Donald Warner (Warner), were divorced. Under the terms of their dissolution decree, the defendant acquired the premises, which had been the Warners' marital residence, subject to an existing first mortgage in the amount of $242,000 (original mortgage) and a second mortgage in favor of Warner in the amount of $80,000. On September 24, 2003, the defendant executed and delivered a note in favor of Ameripath Mortgage Corporation (Ameripath) in the amount of $318,000, secured by a new first mortgage on the premises to Ameripath (Ameripath mortgage), the proceeds of which were used to pay off the original mortgage. Thereafter, the defendant defaulted on the Ameripath mortgage and Ameripath commenced a foreclosure action against her and Warner.[3]

On March 10, 2005, the defendant purportedly transferred her ownership in the premises to Warner.[4] Warner then borrowed funds from Freemont Investment & Loan (Freemont) to pay off the Ameripath mortgage and avoid foreclosure, by executing and delivering to Freemont a note secured by a new first mortgage on the premises (Freemont mortgage). The Freemont mortgage was later assigned to HSBC Bank USA, National Association (HSBC), as Trustee. When Warner

ment was improper because the summary process action failed to include all parties in interest. Because the plaintiff's argument concerning the applicability of § 52-22 is the dispositive issue in this case, we need not reach these additional arguments.

[3] Warner had agreed to make mortgage payments in lieu of child support payments. At trial he admitted that he failed to inform the defendant that he ultimately stopped making mortgage payments.

[4] The defendant maintains that she never executed or signed the deed purporting to transfer title of the premises to Warner, and, accordingly, that Warner's conveyance to the plaintiff was fraudulent. The trial court credited the defendant's testimony, and the testimony of her expert witness, and found that her signature on the deed purporting to transfer title from the defendant to Warner was a forgery.

subsequently defaulted on the Freemont mortgage, HSBC commenced a foreclosure action against him. After advertising in local newspapers, a foreclosure auction was held on October 14, 2006. On November 21, 2006, however, before the sale in the foreclosure auction could be approved, Warner purportedly conveyed the premises to the plaintiff by a warranty deed, which was duly recorded in the Westport land records. To finance the purchase and satisfy the Freemont mortgage, the plaintiff borrowed funds from Fair Home Lending Financial, Inc. (Fair Home), to which the plaintiff delivered a duly executed note and mortgage on the premises to Saxon Mortgage Services, Inc. (Saxon).

Thereafter, on December 14, 2007, the plaintiff commenced the present summary process action against the defendant, seeking possession of the premises from her alleging that she had no right or privilege to occupy the premises or, in the alternative, that any pre-existing right or privilege she may once have had had terminated. The defendant alleged, as a special defense, that the plaintiff could not evict her from the premises because he was not the legal owner, having procured title from Warner by way of a forged or fraudulent document. See footnote 4 of this opinion. Following a bench trial, the court agreed with the defendant that the plaintiff had no legal right to evict her from the premises, and thus rendered judgment in her favor, finally disposing of the summary process action on December 23, 2008. Saxon and Fair Home were not parties to the summary process action.

On or about April 21, 2009, Saxon commenced a separate action against the defendant, the plaintiff, Warner and Fair Home, to quiet title to the premises.[5] Saxon

---

[5] In its complaint dated April 21, 2009, Saxon sought to quiet title pursuant to General Statutes § 47-31 and alleged, inter alia, equitable mortgage, unjust enrichment and fraud. See *Saxon Mortgage Services, Inc.* v. *Aguinaldo*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-09-5011567-S.

based its claim to the premises upon the mortgage that the plaintiff had executed and delivered to Fair Home. On April 24, 2009, Saxon recorded a notice of lis pendens in the Westport land records in connection with its quiet title action. That action remains pending.

Approximately one week after Saxon commenced its quiet title action, the defendant filed a postjudgment motion in this summary process action seeking a decree, pursuant to § 52-22, that legal title to the premises should pass to her. On June 4, 2009, the court granted the defendant's motion, entering a decree in her favor, which declared her to be the owner of and legal titleholder to the premises. This appeal followed.

Before reaching the plaintiff's specific claims, we note the legal principles governing our analysis. "Because the plaintiff challenges the legal authority of the court to issue the order [passing title], his claim raises a question of law that is subject to our plenary review." *Rosato* v. *Rosato*, 77 Conn. App. 9, 17, 822 A.2d 974 (2003). "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Citation omitted; internal quotation marks omitted.) *In re Jonathan M.*, 255 Conn. 208, 217, 764 A.2d 739 (2001). Furthermore, the issue of whether the court had authority to pass title under § 52-22 requires an interpretation of that statute. "Statutory construction . . . presents a question of law over which our review is plenary." (Internal quotation marks omitted.) *Rosato* v. *Rosato*, supra, 18.

"The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case. . . . In seeking to

determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." (Internal quotation marks omitted.) *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 851, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001).

The issue on appeal is whether the trial court erred in granting the defendant's motion to transfer title to the subject premises pursuant to § 52-22 approximately six months after the court rendered judgment in the summary process action. The plaintiff argues that the court improperly applied § 52-22 in the circumstances of this case, and thus lacked authority to issue the challenged decree passing title to the premises to the defendant. We agree.

The resolution of the plaintiff's claim on appeal, therefore, lies at the intersection of our jurisprudence governing summary process actions and the proper application of § 52-22. The motion to pass title has aptly been described as "a creature not normally spotted in Connecticut's jurisprudential forests." (Internal quotation marks omitted.) *Lee* v. *Tufveson*, 6 Conn. App. 301, 307, 505 A.2d 18 (*Bieluch, J.*, dissenting), cert. denied, 199 Conn. 806, 508 A.2d 31 (1986). Pursuant to § 52-22, "[t]he superior court in the exercise of its equitable jurisdiction may pass the title to real property by decree, without any act on the part of any party holding title to the real property, when in its judgment it is the proper mode to carry the decree into effect. When the decree is recorded in the land records in the town where the real property is situated, it shall be, while in force, as

effectual to transfer the real property as the deed of the party or parties holding title." "The statute provides the court with a more simple and direct method of transferring title than ordering a party to execute a deed especially when the court's intention is merely to transfer legal title." *Lee* v. *Tufveson*, supra, 305. A court, therefore, has authority to order the passing of legal title, pursuant to § 52-22, when, in the court's judgment, such a transfer of title "is the proper mode to carry" its decree into effect.

We now turn to an examination of this summary process action to determine whether the trial court correctly decided that the passing of legal title to the premises here at issue under § 52-22 was the proper mode to carry its decree into effect. "Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms." (Internal quotation marks omitted.) *Housing Authority* v. *DeRoche*, 112 Conn. App. 355, 361, 962 A.2d 904 (2009). "The ultimate issue in a summary process action is the right to *possession*"; (emphasis added) *Southland Corp.* v. *Vernon*, 1 Conn. App. 439, 443, 473 A.2d 318 (1984); and "[t]he relief available in summary process actions is *possession* of the premises." (Emphasis added.) *Sullivan* v. *Lazzari*, 135 Conn. App. 831, 836 n.5, 43 A.3d 750, cert. denied, 305 Conn. 925, 47 A.3d 884 (2012). Unlike actions to quiet title, summary process actions do not concern the question of legal title to the subject premises, except to the limited extent that that issue affects any party's right to immediate possession of the premises.

Section 52-22 is not a separate source of statutory relief. A court may exercise its equitable powers under the statute when it has rendered a judgment affecting

title to property, the enforcement of which has somehow been hindered or frustrated. In such a case, passing title under § 52-22 is the proper mode to equitably enforce the court's decree. See *Lee* v. *Tufveson*, supra, 6 Conn. App. 301–302 (trial court properly utilized § 52-22 in action for breach of contract to sell real estate because order necessary to enforce stipulated judgment ordering defendants to convey title to subject property to plaintiff when defendants refused to comply therewith).

In this summary process action, the court determined that the plaintiff had no legal right to evict the defendant from the premises, and thus that the plaintiff could not disturb or interfere with the defendant's right to possess such premises. After the court rendered judgment for the defendant herein, the defendant remained in possession of the premises, and no event occurred that in any way hindered or frustrated her continuing right to do so. Therefore, the court's entry of a decree passing legal title to the premises to the defendant pursuant to § 52-22 was improper because it was unnecessary to carry the court's judgment in the defendant's favor into effect.

The judgment passing title to the defendant is reversed and the case is remanded with direction to deny the defendant's motion to transfer record title to the property.

In this opinion the other judges concurred.

